UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FRANCINIA DOWLING,

       Plaintiff,

v.                                        Case No. 8:04-cv-2445-T-24 EAJ

I.C. SYSTEM, INC., ET AL.,

       Defendants.

_____/

## ORDER

This cause comes before the Court on Defendant I.C. System, Inc.'s Motion for Summary Judgment.  (Doc. No. 27).  Plaintiff opposes this motion.  (Doc. No. 3).

## I.  Standard of Review

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The moving party bears the initial burden of showing the Court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial.  See Celotex Corp. v. Catrett, 477 U.S. 317 (1986).  A moving party discharges its burden on a motion for summary judgment by "showing" or "pointing out" to the Court that there is an absence of evidence to support the non-moving party's case.  Id. at 325.  When a moving party has discharged its burden, the non-moving party must then "go beyond the pleadings," and by its own affidavits, or by "depositions, answers to interrogatories, and admissions on file," designate specific facts showing there is a genuine issue for trial.  Id. at 324.

In determining whether the moving party has met its burden of establishing that there is no

genuine issue as to any material fact and that it is entitled to judgment as a matter of law, the

Court must draw inferences from the evidence in the light most favorable to the non-movant and

resolve all reasonable doubts in that party's favor.  See <u>Samples on behalf of Samples v. City of</u>

<u>Atlanta</u>, 846 F.2d 1328, 1330 (11th Cir. 1988).  Thus, if a reasonable fact finder evaluating the

evidence could draw more than one inference from the facts, and if that inference introduces a

genuine issue of material fact, then the court should not grant the summary judgment motion.

<u>See</u> <u>Augusta Iron & Steel Works v. Employers Ins. of Wausau</u>, 835 F.2d 855, 856 (11th Cir.

1988).

## II.  Background

Plaintiff filed a complaint against I.C. System, Inc. (a collection agency) and Anthony

Folly, Pam Palm, and Scott L.N.U. (collection agents allegedly employed by I.C. System, Inc.)

for unlawful debt collection practices.  In her complaint, Plaintiff asserts claims under the Fair

Debt Collection Practices Act and the Florida Consumer Collection Practices Act with regards to

telephone calls made and letters sent by Defendants.  (Doc. No. 1).

In August of 2004, I.C. System was retained by Providian Services to attempt collection

of an unpaid credit card debt belonging to Plaintiff.  (Doc. No. 27, Johnson affidavit, ¶ 4).

Thereafter, I.C. System sent Plaintiff two letters in an attempt to collect the debt.  (Doc. No. 27,

Ex. C, D).

The first letter, dated August 13, 2004, states in pertinent part:

Your account is past due and has been referred by Providian to our agency for
collection.  The balance shown above [$2,623.67] is the amount due as of the date
of this letter.  This amount may change due to interest, fees or charges that are
added to the account after the date of this letter.

This is a serious matter!  If you respond, you may be able to avoid further contact

from us.

Call us at 1-800-561-5695 if you wish to pay this account, but need to make payment arrangements.  We want to give you the opportunity to settle this debt.

(Doc. No. 27, Ex. C).  The second letter, dated September 14, 2004, states in pertinent part:

When Providian extended credit to you, they expected you to pay the amount due. Providian believed in your intention to pay and gave you time to pay before requesting us to collect the amount due from you.  We have already sent you at least one letter giving you additional time to resolve this account.

Isn't it time for you to meet your obligation to Providian?

(Doc. No. 27, Ex. D).

Additionally, Plaintiff contends that I.C. System's collection agents began calling her repeatedly, beginning shortly after she received the August 13, 2004 letter.  (Doc. No. 30, Ex. A, ¶ 4).  Plaintiff does not remember all of the collection agents' names, but she remembers Anthony Polly or Folly, Pam Palm, and Scott.  (Doc. No. 30, Ex. A, ¶ 5).  Plaintiff contends that the calls were "ru[d]e, abusive, and harassing."  (Doc. No. 30, Ex. A, ¶ 10).

At some point in time, a collection agent called Plaintiff and asked her when she would be able to pay her bill.  (Doc. No. 30, Ex. A, ¶ 11).  Plaintiff responded that she lost her job and had no money to pay, and she requested that the collection agent put this information in the computer so that the next person who got her file would know her circumstances and not call her.  (Doc. No. 30, Ex. A, ¶ 12, 15).  The collection agent responded that as long as Plaintiff owed on the account, they were going to call her every day until the debt was paid and that it was in her best interest to pay off the account as soon as possible.  (Doc. No. 30, Ex. A, ¶ 16, 17).

That same day, Plaintiff received a second call from another collection agent.  (Doc. No.

3

30, Ex. A, ¶ 18).  The collection agent identified herself, but her name was unintelligible, so Plaintiff asked her to repeat her name.  (Doc. No. 30, Ex. A, ¶ 18).  The collection agent responded, "Why do you have to know my name?  This isn't about me.  It's about you.  When are you going to pay?"  (Doc. No. 30, Ex. A, ¶ 18).  Plaintiff again explained her situation and requested that the collection agent put this information in the computer so that the next person who got her file would know her circumstances and not call her.  (Doc. No. 30, Ex. A, ¶ 19). The collection agent responded that they were going to call her every day until the debt was paid. (Doc. No. 30, Ex. A, ¶ 20).

Plaintiff contends that I.C. System kept calling her every day, and sometimes they would call her up to three times per day.  (Doc. No. 30, Ex. A, ¶ 22, 23, 28).  Plaintiff begged them to stop calling, but they just kept saying that they would call her every day until the debt was paid. (Doc. No. 30, Ex. A, ¶ 23, 24, 25, 32).  Plaintiff contends that during all of these calls, the collection agents "were mean and nasty both in manner and tone," and they caused Plaintiff to feel intimidated.  (Doc. No. 30, Ex. A, ¶ 25).  Every time that Plaintiff had a conversation with I.C. System, she had to take medication to calm herself down.  (Doc. No. 30, Ex. A, ¶ 25).

Plaintiff contends that another collection agent, who identified himself as Scott, made "[a] particularly nasty call."  (Doc. No. 30, Ex. A, ¶ 27).  Scott asked Plaintiff how she could eat and pay rent but not pay Providian.  (Doc. No. 30, Ex. A, ¶ 27).  He also asked Plaintiff why she made a payment to Capital One and not to Providian.  (Doc. No. 30, Ex. A, ¶ 28).

Another collection agent, who identified herself as Pam, told Plaintiff that they would garnish Plaintiff's wages and that they were looking for property owned by Plaintiff that they could seize in order to pay off her debt.  (Doc. No. 30, Ex. A, ¶ 30).

Plaintiff contends that another collection agent, who identified himself as Anthony Polly or Folly, "was especially rude, nasty, and aggressive" towards her.  (Doc. No. 30, Ex. A, ¶ 31).  He demanded that Plaintiff give him a check.  (Doc. No. 30, Ex. A, ¶ 31).  Plaintiff responded that she did not have any money in the bank, and he told her to borrow money or send him a post-dated check.  (Doc. No. 30, Ex. A, ¶ 31).

Plaintiff also contends that I.C. System disclosed the existence of her debt to third parties.  (Doc. No. 30, Ex. A, ¶ 33).  Specifically, Plaintiff contends that one time her daughter answered her phone, and a collection agent told Plaintiff's daughter to tell Plaintiff to pay them what she owed.  (Doc. No. 30, Ex. A, ¶ 33).  Another time, Plaintiff contends that a neighbor answered her phone, and a collection agent told Plaintiff's neighbor about Plaintiff's debt.  (Doc. No. 30, Ex. A, ¶ 33).

As a result of the repeated phone calls and two letters, Plaintiff filed suit for unlawful debt collection practices on November 10, 2004.  The phone calls stopped when Plaintiff filed suit.  (Doc. No. 30, Ex. A, ¶ 34).  Defendant I.C. System now moves for summary judgment.

### III.  Motion for Summary Judgment

Defendant I.C. System[1] moves for summary judgment on both of Plaintiff claims.  Specifically, Defendant argues that neither the letters nor the phone calls violated the Fair Debt Collection Practices Act[2] ("FDCPA") or the Florida Consumer Collection Practices Act[3] ("FCCPA").  Accordingly, the Court will address each argument.

---

[1]I.C. System is the only defendant that filed a motion for summary judgment.  Therefore, all further references to "Defendant" refer only to Defendant I.C. System.

[2]15 U.S.C. § 1692, et seq.

[3]Part VI of Chapter 559 of the Florida Statutes

**A.  Letters**

Defendant argues that the Court should find that the two letters that it sent to Plaintiff do not violate the FDCPA or the FCCPA.  Plaintiff has not specifically responded to this argument, and as such, Plaintiff has failed to show that either of the two letters violated the FDCPA or the FCCPA.  As such, the Court grants Defendant's motion on this issue.

**B.  Phone Calls**

Next, Defendant argues that it is entitled to summary judgment on the issue of whether the phone calls violated the FDCPA or the FCCPA.  Defendant has submitted the affidavit of Sue Johnson (Defendant's Legal Affairs Manager) and the account notes related to Plaintiff's account.  (Doc. No. 27).  In the affidavit, Johnson states that Defendant was only successful in contacting Plaintiff by phone two times, and as such, Plaintiff cannot show that the two phone calls violated the FDCPA or FCCPA.

The Court, however, finds that genuine issues of material fact exist that preclude summary judgment.  The Court must construe the evidence in the light most favorable to Plaintiff, and since Plaintiff has submitted an affidavit contradicting Defendant's version of events, a genuine issue of material fact exists as to the number of calls made, the number of calls during which Defendant's collection agents spoke with Plaintiff and others, and what was said during those calls.  Furthermore, Plaintiff has identified how she believes Defendant violated the FDCPA and FCCPA due to its repeated phone calls, as explained below.  Since Defendant has not addressed whether the alleged conduct violates the FDCPA or FCCPA, Defendant has failed

to satisfy its burden of establishing that it is entitled to judgment as a matter of law.[4]

### 1. § 1692d

Plaintiff contends that Defendant violated 15 U.S.C. § 1692d.  Section 1692d provides that "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."  Section 1692d lists conduct that violates this section, including "[t]he use of obscene or profane language or language the natural consequence of which is to abuse the hearer or reader."  15 U.S.C. § 1692d(2).  Plaintiff contends that Defendant violated this section by saying things that were verbally abusive to Plaintiff, as described above.

Additionally, § 1692d provides that "[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number" violates this section.  15 U.S.C. § 1692d(5)  Plaintiff contends that Defendant violated this section due to Defendant's collection agents repeatedly calling her, sometimes up to three times per day.

Section 1692d also provides in relevant part that "the placement of telephone calls without meaningful disclosure of the caller's identity" violates this section.  15 U.S.C. § 1692d(6).  Plaintiff contends that Defendant violated this section s when one of Defendant's collection agents identified herself, but her name was unintelligible, so Plaintiff asked her to repeat it, but the collection agent refused to do so.

---

[4]The Court is not making a finding that the alleged conduct does or does not violate the FDCPA or FCCPA, since the parties have not cited case law addressing whether the specific conduct alleged violates the FDCPA and FCCPA.

### 2.  1692e

Plaintiff contends that Defendant violated 15 U.S.C. § 1692e.  Section 1692e provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."  Section 1692e provides that a debt collector violates this section by making a "representation or implication that nonpayment of any debt will result in . . . the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action."  15 U.S.C. § 1692e(4).  Plaintiff contends that Defendant violated this section because Defendant's collection agents told her that they would garnish her wages and that they were looking for property owned by her that they could seize in order to pay off her debt.

### 3. § 1692f

Plaintiff contends that Defendant violated 15 U.S.C. § 1692f.  Section 1692f provides that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."  Section 1692f provides that a debt collector violates this section by soliciting a "postdated check . . . for the purpose of threatening or instituting criminal prosecution." 15 U.S.C. § 1692f(3).  Plaintiff contends that Defendant violated this section because Defendant's collection agent asked her to send a post-dated check.

### 4. § 1692c

Plaintiff contends that Defendant violated 15 U.S.C. § 1692c.  Section 1692c provides that "without the prior consent of the consumer given directly to the debt collector . . . a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by

law, the creditor, the attorney of the creditor, or the attorney of the debt collector."  15 U.S.C. § 1692c(b).  Plaintiff contends that Defendant violated this section because Defendant's collection agents spoke to Plaintiff's daughter and Plaintiff's neighbor about Plaintiff's debt.

### 5. Florida Statute § 559.72

Plaintiff contends that Defendant violated Florida Statute § 559.72, which prohibits certain debt collection practices.  Specifically, Plaintiff contends that Defendant violated § 559.72(5), which provides that a debt collector cannot "[d]isclose to a person other than the debtor or her or his family information affecting the debtor's reputation, whether or not for credit worthiness, with knowledge or reason to know that the other person does not have a legitimate business need for the information or that the information is false."  Plaintiff contends that Defendant violated this section because Defendant's collection agent told Plaintiff's neighbor about Plaintiff's debt.

Additionally, Plaintiff contends that Defendant violated § 559.72(7), which provides that a debt collector cannot "[w]illfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family."  Plaintiff contends that Defendant violated this section because Defendant's collection agents repeatedly called her, sometimes up to three times a day.

Plaintiff also contends that Defendant violated § 559.72(8), which provides that a debt collector cannot "[u]se profane, obscene, vulgar, or willfully abusive language in communicating with the debtor or any member of her or his family."  Plaintiff contends that Defendant violated

this section because Defendant's collection agents were verbally abusive to her, as described above.

Plaintiff also contends that Defendant violated § 559.72(9), which provides that a debt collector cannot "[c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist."  Plaintiff contends that Defendant violated this section because Defendant's collection agents told her that they would garnish her wages and that they were looking for property owned by her that they could seize in order to pay off her debt.

Plaintiff also contends that Defendant violated § 559.72(15), which provides that a debt collector cannot "[r]efuse to provide adequate identification of herself or himself . . . when requested to do so by a debtor."  Plaintiff contends that Defendant violated this section when one of Defendant's collection agents identified herself, but her name was unintelligible, so Plaintiff asked her to repeat it, but the collection agent refused to do so.

## IV.  Other Defendants

I.C. System also moves for the dismissal of the other defendants, Anthony Polly, Pam Palm, and Scott L.N.U.  Defendant contends that it has never employed collection agents by those names.  Defendant, however, has not cited any case law to show that it has standing to request the dismissal of the other defendants in this case.  Furthermore, there is an issue of fact as to whether Defendant employed these collection agents, since Plaintiff contends that she spoke with these agents regarding the collection of her debt for Providian.  Accordingly, the Court denies I.C. System's motion on this issue.

**V.  Conclusion**

Accordingly, it is ORDERED AND ADJUDGED that Defendant I.C. System, Inc.'s

Motion for Summary Judgment (Doc. No. 27) is **GRANTED IN PART AND DENIED IN**

**PART**: The motion is granted to the extent that Plaintiff contends that the letters sent by I.C.

System violate the FDCPA and the FCCPA; otherwise, the motion is denied.

**DONE AND ORDERED** at Tampa, Florida, this 20th day of October, 2005.


SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record